MICHAEL C. VAN, ESQ.
Nevada Bar No. 3876
ELIZABETH R. DEFLYER, ESQ.
Nevada Bar No. 10021
**SHUMWAY VAN & HANSEN CHTD.**
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
Email: michael@shumwayvan.com
Email: elizabeth@shumwayvan.com
   *Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re:

RANDEL W. ALEMAN and
JEANNE M. ALEMAN,

Debtors,

Bankruptcy No. 13-15219-mkn
[Chapter 7]

Hearing Information

| | |
|---|---|
| Date: | December 4, 2013 |
| Time: | 2:30 p.m. |
| Place: | Foley Federal Building |
| | 300 Las Vegas Blvd. South |
| | Las Vegas, Nevada 89101 |
| | Courtroom 2 |

### DEBTORS' MOTION TO DISMISS CHAPTER 7 BANKRUPTCY CASE

Randel W. Aleman and Jeanne M. Aleman (the "Debtors"), by and through their counsel of record, Michael C. Van, Esq. and Elizabeth R. DeFlyer, Esq., of the law firm of Shumway Van & Hansen Chtd., pursuant to 11 U.S.C. §§ 305(a), 707, and Fed. R. Bankr. P. 1017(f), move the Court for an Order dismissing this Chapter 7 bankruptcy case.

In support of this Motion, the Debtors submit the following Memorandum of Points and Authorities, the Declaration of Randel W. Aleman filed concurrently herewith, the pleadings and papers on file, and the argument of counsel to be heard at the hearing on this matter, if necessary:

Page 1

1. On June 13, 2013 (the "Petition Date"), the Debtors, through their former counsel, H. Stan Johnson, filed a Voluntary Petition for relief under Chapter 7 of the Bankruptcy Code.

2. On June 13, 2013, the Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines ("341 Notice")[1] was filed by Court. Pursuant to the 341 Notice, the Meeting of Creditors was scheduled for July 15, 2013.

3. On or about June 14, 2013, the Debtors received the Notice of Incomplete and/or Deficient Filing[2] stating that the schedules required pursuant to Fed. R. Bankr. P. 1007(b) and (c) were not filed with the Court and were due within fourteen (14) days of the Petition Date.

4. Approximately (30) days after the Petition Date, on July 15, 2013 at 1:44 p.m., Mr. Johnson submitted the Debtors' Statement of Financial Affairs, Schedules, and Declaration Concerning Debtors' Schedules ("Statements and Schedules") using the Debtors' electronic signatures.[3] However, as the Debtors later realized, the e-filed Statements and Schedules did not include the revisions that the Debtors informed counsel to make before filing. The Debtors believe that they were not provided an opportunity to review and sign the revised Statements and Schedules in final form because they needed to be e-filed prior to the Meeting of Creditors scheduled that same day at 2:30 p.m.

5. Because the Statements and Schedules were filed with the Court on the same day as the initial Meeting of Creditors (July 15, 2013), Lenard E. Schwartzer, Chapter 7 Trustee, continued it to July 29, 2013. At the continued Meeting of Creditors, the Chapter 7 Trustee again continued the Meeting of Creditors to September 16, 2013, to allow the Debtors an opportunity to amend their Statements and Schedules due to inaccurate information and to provide additional documentation.

---

[1] *See* ECF Docket No. 4
[2] *See* ECF Docket No. 6.
[3] *See* ECF Docket No. 15.

Page 2

6. Due to the inaccuracies contained in the Statements and Schedules and the fact that the Debtors believed that they were not being properly advised, on or about September 9, 2013, the Debtors consulted with undersigned counsel and determined it would be in their best interests to substitute a new attorney for their current attorney. Therefore, on September 10, 2013, a Substitution of Attorney was filed with the Court.[4]

7. At the September 16, 2013, Meeting of Creditors, substitute counsel requested a continuance as the Order Permitting Substitution of Attorney had not yet been entered by the Court. Additionally, counsel needed additional time to review the case and confer with the Debtors. The Meeting of Creditors was subsequently continued to November 4, 2013.

8. On September 20, 2013, the Order Substitution of Attorney was entered by the Court.[5]

9. After consulting with the Debtors and after a thorough review of the Debtors' Statements and Schedules and other documentation, it was determined that the information contained in the Statements and Schedules was largely inaccurate, specifically, how the assets were categorized[6], the valuations placed on the Debtors' assets, and how the budget was calculated.[7] It was also determined that the Debtors were not properly counseled.

10. Because this Chapter 7 case was initiated without the Debtors' full knowledge and understanding of the impact of such filing and the fact that the Debtors do not need bankruptcy protection; this case should be dismissed without prejudice.

/ / /

/ / /

/ / /

---

[4] *See* ECF Docket No. 23.
[5] *See* ECF Docket No. 33.
[6] See ECF Docket No. 15, Schedule B, #2 (vehicle listed under bank accounts).
[7] See ECF Docket No. 15, Schedules I and J.

Page 3

**POINTS AND AUTHORITIES**

Section 305(a) of the Bankruptcy Code provides in pertinent part:

(a) The court, after notice and a hearing, may dismiss a case under this title, or may suspend all proceedings in a case under this title, at any time if –

    (1) the interests of creditors and the debtor would be better served by such dismissal or suspension. . .

After an extensive review, it has been determined that most, if not all, of the Debtors' assets are exempt under Nevada Revised Statute 21.090. Additionally, the Debtors have determined that their exempt assets, if any, could be used for repayment of their obligations outside of bankruptcy. The Debtors have been in good faith negotiations with their unsecured creditors to satisfy all valid and undisputed debts by workout or compromise. The Debtors have not incurred any debt post-petition, and are therefore not contemplating re-filing a Chapter 7 bankruptcy after dismissal to discharge post-petition debt. The interests of creditors in this Chapter 7 case would be better served outside of bankruptcy. The Debtors' creditors would benefit more if the Debtors were not in a Chapter 7 bankruptcy; thus, the best interests of creditors would not be prejudiced if the Debtors dismissed this case.

Section 707 of the Bankruptcy Code provides that an individual debtor may dismiss his or her case voluntarily upon motion and after notice and a hearing.

    . . . (b) (1) After notice a hearing, the court, on its own motion or on a motion by the United States Trustee, trustee (or bankruptcy administrator, if any), or any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts . . .

The Debtors in this Chapter 7 case are individuals with primarily consumer debts pursuant to 11 U.S.C. § 101(8); thus, may seek dismissal of this Chapter 7 bankruptcy under 11 U.S.C. § 707(b).

Rule 1017(f) of the Federal Rules of Bankruptcy Procedure governs the procedures for dismissal, conversion, or suspension. As notice of this Motion is being sent to the Chapter 7

Page 4

Trustee, the United States Trustee, all creditors and parties-in-interest, the Debtors are in compliance with the provisions of Rules 1017(f), 9013 and 9104 of the Federal Rules of Bankruptcy Procedure.

### **CONCLUSION**

This case should be dismissed without prejudice as the Debtors' creditors would not be prejudiced but, in fact, would benefit more if the Debtors were not in a Chapter 7 bankruptcy. Therefore, the Debtors request that the Court enter an Order dismissing this Chapter 7 bankruptcy case without prejudice and for such other relief as the Court deems just and proper.

DATED this 1st day of November, 2013.

**SHUMWAY VAN & HANSEN CHTD.**

*/s/ Elizabeth R. DeFlyer*
Michael C. Van, Esq.
Nevada Bar No. 3876
Elizabeth R. DeFlyer, Esq.
Nevada Bar No. 10021
8985 South Eastern Avenue, Suite 100
Las Vegas, Nevada 89123
Telephone: (702) 478-7770
Facsimile: (702) 478-7779
Email: *michael@shumwayvan.com*
    *elizabeth@shumwayvan.com*
*Attorneys for Defendants*